(98 App. Div. 631)

### BIRKETT v. NICHOLS et al.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1904.)

1. CONTRACTS—MODIFICATION—EVIDENCE—SUFFICIENCY.

Evidence that defendants requested a postponement of the delivery of goods sold, which request was not communicated to plaintiff until he had become in default by failure to make delivery within the specified time, and which, therefore, did not cause plaintiff to neglect any opportunity of making a timely delivery, was not sufficient to support a finding that before the expiration of the time limited for the performance of the contract the time for delivery was extended, and the original contract modified.

2. APPEAL—THEORY OF CASE.

Where plaintiff's complaint was based on a refusal of defendant to accept goods sold in accordance with a modified contract extending the time for delivery, and judgment for plaintiff was rendered on that theory, plaintiff could not on appeal contend, in defense of the judgment, that defendant had waived plaintiff's default in failing to deliver the goods within the time specified.

Spring, J., dissenting.

Appeal from Trial Term, Yates County.

Action by Clarence T. Birkett against James E. Nichols and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Henry D. Hotchkiss, for appellants.

Calvin J. Huson, for respondent.

HISCOCK, J. The controversy between the parties to this appeal springs out of a contract whereby the plaintiff, who was doing business at Penn Yan, sold, and agreed during the month of November, 1902, to deliver, to the defendants, who were doing business in the city of New York, ten cars of buckwheat flour, to be paid for upon arrival in New York. Only three of said cars were delivered within the time mentioned, the other seven being shipped six during the month of December and one during the month of

January following.  The defendants accepted and paid for the cars shipped during the month of November, but with the exception of one, which they paid for through inadvertence, believing that it was shipped during the month of November, they refused to receive and pay for the cars shipped after the time specified.  After such refusal, plaintiff sold, said cars not paid for by defendants, and brought this action seeking to charge the latter with the difference between the prices realized upon such sale and those agreed to be paid.  The learned trial justice before whom the case was tried allowed the plaintiff upon the trial to amend his complaint by alleging, in substance, that the contract between the parties was so modified as to allow the shipment and delivery of the flour to be delayed until and continued through the months of December and January, and then found in favor of plaintiff for the damages accruing upon his theory with reference to the five cars shipped during December.

We think that the decision thus reached was erroneous, and that the judgment founded thereon must be reversed.  The conclusion reached at the trial upon this question of extension is embodied in a finding to the effect "that after the making of such contract, and before the time limited for the performance thereof had expired, negotiations were had between the plaintiff and defendants for an extension of the time for the delivery of such flour, and the time for such delivery was extended, and the provision of said contract requiring delivery in the month of November was waived by the defendants, and permission given by said defendants to string the delivery of said cars not shipped in the month of November along through the month of December."  We are unable to find any evidence which sustains this finding that before the expiration of the time fixed for the delivery of the flour the contract was modified and the time of delivery extended so as to include the month of December.  The contract of sale between the parties was negotiated by a broker in New York, named Bowlin.  Soon after it was made, plaintiff sought the assistance of the broker in procuring from defendants an extension of the time of delivery.  In response to this request a letter was written by the broker to plaintiff to the effect that defendants wanted "the goods to come right along." The broker, however, claims that during the latter part of November defendants' agent asked him to write plaintiff, and "ask him if it would suit just as well to have that flour distributed through December as to have it all come together the latter part of this month."  Again, nothing was done in response to this request for the time being, but upon the last day of November or the first day of December defendants' agent again brought up the subject, and upon December 1st the broker wrote plaintiff a letter, in which he says, "Was talking to Austin, Nichols man to-day, and he says if it suits you best you can string his goods along through Dec. if it suits you best."  The receipt of this letter is acknowledged by the plaintiff upon the following day.  The broker, who was sworn as a witness in behalf of plaintiff, finds the authority for his letter of extension entirely in the propositions for delay which he claims

were made to him by defendants' agent. He does not at all claim that this delay was procured from defendants in response to the request for extension originally made by plaintiff.

We thus have it that no consent by defendants to a modification of the original contract in respect to the time of delivery was communicated to plaintiff until after such time had expired. Assuming, as we do, that for the purposes of this appeal the evidence of the broker is to be believed that defendants did request a postponement of the delivery of the flour, such request was not communicated to plaintiff until he had become in default. The latter did not, in reliance upon this request and consent, neglect the opportunity still present to him of making a timely delivery of his merchandise, and there is no element of estoppel in this respect which may be invoked against the defendants. As stated before, we are unable to see how, upon this evidence, which is controlling upon this point, the finding may be based which we have already quoted to the effect that, before the time limited for the performance of the contract between the parties, the time for delivery was extended, and the original contract in this respect modified.

It seems to be urged by the learned counsel for the respondent upon his argument that, even though no extension of time of delivery was expressly given by defendants before plaintiff was in default, still other acts when the flour was shipped were such as to show an implied waiver of the time limitation, and permit a recovery such as was had in the action. It has been found that as each car was shipped an invoice thereof was mailed by plaintiff to defendants, and received by them, and that written notice of the arrival of each car was given to the defendants by the railway company as said cars arrived; also that a sight draft was drawn by plaintiff on defendants for the purchase price of each car at or prior to the date of shipment, and of which due notice was given to defendants. No express objections were forwarded by defendants to plaintiff in response to these communications until in January, but, as was expressly found, the defendants paid none of the drafts (with the exception of those already mentioned), and did not take any of the flour, or do anything whatever in relation thereto, until plaintiff brought to their attention in January the nonpayment of the drafts, when they took the position that the cars had not been shipped in time. Whatever might be said, however, under other conditions in favor of sustaining a recovery by plaintiff based upon a waiver to be implied from the facts thus briefly referred to, it is sufficient upon this appeal to state that judgment has been rendered upon an entirely different theory, and that plaintiff's complaint expressly disaffirms the idea that defendants in any way accepted the belated cars when they were shipped, and thus waived the default; said pleading alleging "that said defendants, in violation of said contract or agreement, refused to accept six cars of said flour upon its arrival in New York as aforesaid." Independent of other questions raised in behalf of appellants, we think that upon this appeal plaintiff is limited to the conclusion reached by the trial justice that the time of delivery was extended before it expired, and that, the

evidence not warranting this conclusion, a reversal and new trial must be had.

Judgment reversed, and new trial granted, with costs to appellants to abide event. All concur, except SPRING, J., who dissents.

SPRING, J. (dissenting). Early in November the plaintiff, doing business at Penn Yan, N. Y., entered into an agreement to sell the defendants ten car loads of buckwheat flour, to be delivered in New York during the month of November. Three car loads were shipped during that month, and the balance during the month of December and early in January. The plaintiff claims that there was a modification of the original agreement, whereby the time of delivery was extended, and the shipments were to be strung along during the month of December. The court has so found, and the evidence is ample to sustain this finding. The goods were sold through brokers in New York. One of them—Mr. Bowlin—testified that during the month of November one of the defendants asked him to write the plaintiff if delivery of the flour could be strung along during the month of December, and Mr. Bowlin accordingly wrote plaintiff, who had also previously written to the broker to ascertain if that arrangement could be made. There is other proof tending to confirm this testimony. Three car loads were shipped in November and seven later. Invoices of each shipment were mailed to the defendants, and sight drafts drawn. The invoices were all retained by the defendants, and none of the drafts were honored until the middle of January. The shipments in November were, therefore, in the same category as those in December. The railroad company also notified the defendants of the arrival of each car, and they were also advised of the drawing of the drafts. No protest or repudiation was given by the defendants; nothing to indicate they had not accepted the goods. The plaintiff during this time did not know that the defendants intended to refuse to pay for this flour, and did not learn of that fact until the middle of January, and after the delivery of all the flour in New York. Irrespective of any parol extension of the agreement, I think this conduct of the defendants is equivalent to a waiver of delivery within the stipulated time. They could not retain these invoices and be cognizant that the goods were in the railroad company's yards in New York, awaiting their motion, and then, after all the goods had been forwarded to them, be relieved from liability on the ground that the wheat was not shipped within the time agreed upon. As already observed, the November shipments, for which concededly they were liable to pay, were treated precisely the same as those shipped later. There was nothing, therefore, to apprise the plaintiff of the proposed attitude of the defendants. When the plaintiff insisted upon payment, and the market had declined, the defendants paid for the three cars shipped in November and one in December; the latter inadvertently. One of the defendants disputed the testimony of the broker, the defendant saying there was no conversation in which it was agreed that the shipments might be deferred. The broker's version is sustained by the fact that he did write the

plaintiff of such a conversation. There are also the significant circumstances already adverted to of the shipments of the flour, the retention of the invoices, the presentation of the drafts, and the notification of the delivery of the cars, and no disclaimer of any kind from the defendants. I think these circumstances, with the testimony of Bowlin, amply justify the conclusion reached by the court that there was an extension and a waiver of strict performance as to the time of delivery of the original agreement.

Judgment should be affirmed, with costs.